# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-246(1) |
| | § | C.A. No. C-05-79 |
| EZEQUIEL VALDEZ-LUNA, | § | |
| | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Ezequiel Valdez-Luna's ("Valdez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 25),[1] which the Court deems filed as of February 3, 2005.[2] The Court ordered the government to respond, and the government filed a Motion to Dismiss, or, Alternative Motion for Summary Judgment. (D.E. 26, 29,30). Valdez has not filed a reply.    As the government correctly notes, Valdez's motion is subject to dismissal because he waived his right to file the claims he

---

[1] Dockets entries refer to the criminal case, C-04-cr-246.

[2] Although Valdez's motion was received by the Clerk on February 17, 2005, it is dated February 3, 2005. Thus, February 3, 2005 is the earliest date it could have been delivered to prison authorities for filing, the pertinent act for deeming a document filed by a *pro se* prisoner under Houston v. Lack, 487 U.S. 266. 276 (1988). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). The Court deems it filed as of the earlier date. Utilizing either date, the motion is timely.

raises therein.  For this reason, discussed in more detail below, the Court DISMISSES the

motion.  Additionally, the Court DENIES Valdez a Certificate of Appealability.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTS AND PROCEEDINGS

On May 20, 2004, Valdez was charged in a single-count indictment with knowingly

and intentionally possessing with intent to distribute approximately 4 kilograms of cocaine,

in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  (D.E. 1).  On June 28, 2004,

Valdez pleaded guilty pursuant to a written plea agreement.  (D.E. 8, 9).  In exchange for

his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the

government agreed to recommend that he receive a three-level credit for acceptance of

responsibility and to recommend a sentence at the low end of the guideline range. (D.E. 9).

The plea agreement contained a voluntary waiver of Valdez's right to appeal and to file a

§ 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a
> defendant the right to appeal the sentence imposed.  The
> defendant waives the right to appeal the sentence imposed or
> the manner in which it was determined.  The defendant may
> appeal only (a) the sentence imposed above the statutory
> maximum; or (b) an upward departure from the Sentencing
> Guidelines, which had not been requested by the United States.
> Additionally, the defendant is aware that Title 28, U.S.C.
> § 2255, affords the right to contest or "collaterally attack" a
> conviction or sentence after the conviction or sentence has
> become final.  The defendant waives the right to contest his/her

2

conviction or sentence by means of any post-conviction proceeding.

(D.E. 9 at ¶ 8)(emphasis in original).

The Court questioned Valdez under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion.  After ensuring that the waiver of his appellate rights was knowing and voluntary, the Court questioned Valdez regarding his waiver of the right to file a § 2255 motion:

> THE COURT: You are also giving up your right to file any later petitions after you are convicted and sentenced that would attempt to vacate or correct your sentence for your conviction.
>
> Do you understand that?
>
> DEFENDANT: Yes.
>
> THE COURT: And are you willing to do that as well, that is willing to give up that right as well?
>
> DEFENDANT: Yes.

(D.E. 27, Rearraignment Transcript ("R. Tr.") at 25-26).  It is clear from the foregoing that Valdez's waiver was knowing and voluntary.  See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).  Valdez further stated that the written plea agreement had been read to him entirely in Spanish, that he discussed it with his attorney before he signed it, and that he understood it.  (R. Tr. at 24).

3

The Court sentenced Valdez on September 16, 2004 to 70 months in the custody of the Bureau of Prisons, to be followed by a four-year term of supervised release, and imposed a $100 special assessment. (D.E. 21, 23).  Judgment of conviction and sentence was entered September 23, 2004.  (D.E. 23).  Consistent with his waiver of appellate rights, Valdez did not appeal.  Valdez's timely § 2255 motion was filed February 3, 2005. (D.E. 25).

His motion asserts an ineffective assistance claim, based on several alleged errors of counsel.  The primary alleged error is that his counsel was ineffective at sentencing for failing to file for "safety valve." 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.  The safety valve allows the court to sentence certain defendants without regard to the statutory minimum. U.S.S.G. § 5C1.2.[3]  Valdez also claims that his attorney was ineffective because he "failed to prepare and investigate" his case.  (DE. 25 at 2).   He requests that he be resentenced with the benefit of the safety valve, to a term of 57 months instead of 70 months.

## III.  DISCUSSION

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence

---

[3]  In fact, counsel moved for "safety valve" relief for Valdez, and the Court heard extensive testimony from several witnesses before deciding to deny safety valve relief on the grounds that Valdez had not truthfully debriefed. (See generally D.E. 28, Sentencing Transcript).

in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

## B.    Waiver of § 2255 Rights

The Court need not address whether Valdez has procedurally defaulted his claims by failing to appeal, nor will the Court reach the merits of his claims.  Rather, the Court concludes that his motion fails in its entirety because he waived his right to file the claims in his § 2255 motion.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005)(enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker). Nowhere in his motion does Valdez challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver.  See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "only when the claimed assistance

5

directly affected the validity of that waiver or the plea itself").[4]  Thus, his claims are subject to the waiver.

Moreover, the record shows that his waiver was knowing and voluntary.  It is clear from the rearraignment transcript that Valdez understood that he was waiving his right to file any post-conviction petitions, including any § 2255 motions.  His statements under oath are entitled to a strong presumption of truthfulness.  United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001)(citing Blackledge v. Allison, 431 U.S. 63, 74 (1977));Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).

In sum, the Court concludes that Valdez's waiver of his right to file a § 2255 motion is valid and enforceable.  His motion is not properly before the Court and is therefore DISMISSED WITH PREJUDICE.

## C.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A).  Although Valdez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v.

---

[4]  As noted, Valdez's ineffective assistance of counsel claims challenge only his counsel's conduct at sentencing and a general failure to prepare and investigate the case.

Johnson, 211 F.3d 895, 898 (5thCir. 2000)(it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Valdez has stated a valid claim for relief, because he cannot establish the second Slack criterion.  That is, reasonable jurists could not disagree that his waiver bars his motion.  Accordingly, he is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Valdez's motion under 28 U.S.C. § 2255 (D.E.25) is DISMISSED WITH PREJUDICE.   The Court also DENIES him a Certificate of Appealability.

Ordered this 24th day of August 2005.

HAYDEN HEAD
CHIEF JUDGE